UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNA SHAPIRO, | No. 2:17-cv-01465 AC |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1] For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED. The matter will be reversed and remanded to the Commissioner for further proceedings.

////

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB October 9, 2013. Administrative Record ("AR") 18.[2] The disability onset date was alleged to be July 15, 2010. Id. The application was disapproved initially and on reconsideration. Id. On November 19, 2015, ALJ Mary M. French presided over the hearing on plaintiff's challenge to the disapprovals. AR 28-48 (transcript). Plaintiff, who appeared with her counsel Svetlana Kumansky, was present at the hearing. AR 29. Bonnie Drumwright, a Vocational Expert ("VE"), also testified at the hearing. Id.

On January 7, 2016, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 14-22 (decision), 23-26 (exhibit list). On May 12, 2017, after receiving Exhibits 11B, appointment of representative Svetlana Kumansky, 12B, Kumansky fee agreement, and 13B, request for review of hearing, as additional exhibits, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision and additional exhibit list).

Plaintiff filed this action on July 13, 2017. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 22. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 14 (plaintiff's summary judgment motion), 15 (Commissioner's summary judgment motion), 20 (plaintiff's reply).

## II. FACTUAL BACKGROUND

Plaintiff was born on in 1960, and accordingly was, at age 49, a younger person under the regulations, when she filed her application.[3] AR 199. Plaintiff has 4 or more years of a college education, and can communicate in English. AR 1155-57. Plaintiff worked as an office manager from 1993-2003 and from 2008-2010. AR 158.

////

////

---

[2] The AR is electronically filed at ECF Nos. 10-3 to 10-14 (AR 1 to AR 521).
[3] See 20 C.F.R. § 404.1563(c) ("younger person").

2

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

////

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2010.
>
> 2. [Step 1] The claimant alleges she did not engage in substantial gainful activity during the period from her alleged onset date of July 15, 2010 through her date last insured of December 31, 2010 (20 CFR 404.1571 *et seq.*).
>
> 3. [Step 2] Through the date last insured, the claimant had the following medically determinable impairments: cervical spine spondylosis and degenerative disc disease; eye strain; myopia; astigmatism; hyperopia; presbyopia; and papilloma of the eyelid (20 CFR 404.1571 *et seq.*).
>
> 4. [Step 2, continued] Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq.*).
>
> 5. The claimant has not been under a disability, as defined in the Social Security Act, at any time from July 15, 2010, the alleged onset date, through December 31, 2010, the date last insured (20 CFR 404.1520(c)).

AR 20-23. As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act. AR 23.

////

////

5

VI. ANALYSIS

Plaintiff alleges that the ALJ erred by failing to consider relevant evidence from Dr. Carl Shin from late 2009, which plaintiff asserts should have impacted the ALJ's findings at step two. ECF No. 14 at 3. Plaintiff argues the failure was harmful, and that the case should be remanded to the Commissioner for further proceedings. Id. at 8-9.

A. The ALJ Improperly Failed to Consider Evidence at Step Two

The ALJ improperly failed to consider relevant evidence at step two, requiring remand for further consideration. "The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. Bowen v. Yuckert, 482 U.S. 137, 153 (1987). At step two of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p, 1996 SSR LEXIS 10 (1996)). The step two severity determination is "merely a threshold determination of whether the claimant is able to perform his past work. Thus, a finding that a claimant is severe at step two only raises a prima facie case of a disability." Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).

At the second step, plaintiff has the burden of providing medical evidence of signs, symptoms, and laboratory findings that show that his or her impairments are severe and are expected to last for a continuous period of twelve months. Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005); see also 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). An ALJ's finding that a claimant is not disabled at step two will be upheld where "there *are no medical signs or laboratory findings* to substantiate the existence of medically determinable physical or mental impairment." Ukolov, 420 F.3d at 1005 (emphasis added). Where an ALJ does not explicitly reject a medical opinion or set forth specific,

legitimate reasons for crediting one medical opinion over another, he errs." Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014).

Here, the ALJ failed to acknowledge medical notes and laboratory findings that could substantiate the existence of a medically determinable physical impairment that may have been continuing into the disability period. AR 518-521. It is unclear whether ALJ purposefully rejected medical evidence from November and December 2009 or committed an oversight. What is clear is that the medical evidence from that specific timeframe is not explicitly referenced or mentioned in the ALJ decision dated January 7, 2016. AR 18-23.

In her analysis, the ALJ noted that plaintiff sought medical treatment for neck pain in August 2009. AR 22. An examination of plaintiff's neck revealed reduced range of motion of the neck and multiple tender points. Id. Plaintiff received an X-ray at Kaiser on August 14, 2009. Id. The X-ray revealed moderate degenerative disc disease with spondylosis at C5-6 and C6-7. Id. Plaintiff underwent physical therapy, which appeared to help. Id. The ALJ further states that there is "no evidence of treatment after August 2009." Id. Based on this information, the ALJ concluded: "given the claimant's failure to seek on-going treatment for her neck impairment through the date last insured, the undersigned concludes the condition resolved quickly with a short course of physical therapy and did not, more than minimally limit the claimant's ability to perform basic work activities." AR 23.

The ALJ conclusion is based on erroneous reading of the medical record. A closer examination of plaintiff's medical records reveals that she continued to suffer pain related to this condition. Plaintiff had a follow up treatment for her neck pain in November and December 2009. AR 518-521. Plaintiff saw Carl H. Shin, MD at Diagnostic Radiological Imaging -DR SCRIPPS. An MRI conducted on plaintiff on November 21, 2009 revealed multilevel degenerative disc disease with reversal of cervical lordosis, mild spinal stenosis from C3-4 through C6-7, left C2-3 through C4-5 facet degenerative disease, and severe left C3-4 foraminal stenosis. AR 521. On December 2, 2009, plaintiff had a follow up appointment with Dr. Shin. AR 518. Dr. Shin explained the results of the MRI to plaintiff, and informed her that she "may have pain on a long-term basis." Id.

Dr. Shin's late 2009 diagnosis is both relevant and important to plaintiff's claim. The fact that the medical records are from dates outside the insured period does not render them irrelevant because they are related to an ongoing impairment that was evaluated by the ALJ and which impacted the insured period. Further, the medical records directly contradict the ALJ's conclusion that plaintiff did not seek follow-up treatment for her condition. AR 23. Indeed, plaintiff requested further evaluation prompting the 2013 MRI, noting that her pain was "getting progressively worse" and that the last MRI was done by another party "four years ago." AR 416.

The court cannot unequivocally conclude that the ALJ reviewed or considered all the medical evidence on the record. In fact, the record reveals the contrary. While defendant is correct that an ALJ need not discuss every single piece of evidence before her, Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003), an ALJ is never free to either "ignore[] or neglect[] to mention a treating physician's medical opinion that is relevant to the medical evidence being discussed." Lingenfelter v. Astrue, 504 F.3d 1028, 1045 (9th Cir. 2007). The ALJ failed to address relevant the medical opinion from Dr. Shin and his diagnosis from November and December 2009. Therefore, the ALJ erred.

C. Remand

The undersigned agrees with plaintiff that the ALJ's error is harmful and remand for further proceedings by the Commissioner is necessary. An error is harmful when it has some consequence on the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's error in this matter was harmful; Dr. Shin's notes may have altered the ALJ's conclusion at step two, which may alter the ultimate finding on disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, the ALJ rejected plaintiff's claim

at step two without considering all relevant evidence.  Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 15), is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: September 20, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE